UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIDRANGE OPEN COMPUTING
ALLIANCE, INC.,

          MEMORANDUM AND ORDER

      Plaintiff,          CV 10-4570

      -against-         (Wexler, J.)

ASSOCIATED GLOBAL SYSTEMS, INC.,
and FORWARD AIR, INC.,

      Defendants.
-----------------------------------------------------------X
APPEARANCES:

    HILL RIVKINS LLP
    BY: JAMES A. SAVILLE, JR., ESQ.
    Attorneys for Plaintiff
    45 Broadway Suite 1500
    New York, New York 10006

    CARROLL, MCNULTY & KULL, LLC
    BY: RICHARD L. FURMAN, ESQ.
    Attorneys for Defendant Associated Global systems, Inc.
    570 Lexington Avenue, 8th Floor
    New York, New York 10002

    NOWELL AMOROSO KLEIN BIERMAN, P.A.
    BY: THOMAS C. MARTIN, ESQ.
    Attorneys for Defendant Forward Air, Inc.
    155 Polifly Road
    Hackensack, New Jersey 07601

WEXLER, District Judge

    This is a case in which Plaintiff Midrange Open Computing Alliance, Inc. ("Midrange" or "Plaintiff") seeks a judgment in excess of $1 million as compensation for damages to goods alleged to have been shipped from California to New Jersey by Defendants Associated Global

1

Systems, Inc. ("Global") and Forward Air, Inc. ("Forward"). Midrange commenced this action in New York State Court alleging that Defendants were grossly negligent and breached their obligations as common carriers and bailees in connection with their handling of Plaintiff's cargo. The action was thereafter removed to this court pursuant to 28 U.S.C. §§1331 (federal question jurisdiction) and 1337 (jurisdiction over matters of, inter alia, regulation of federal legislation over commerce), as raising a question of federal jurisdiction under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment").

Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint on the ground that the claims alleged are preempted by the Carmack Amendment. For the reasons set forth below, the motion is denied at this time, with leave to take limited discovery as discussed below.

## DISCUSSION

I.  The Carmack Amendment

The Carmack Amendment establishes "a single uniform regime for recovery by shippers directly from the interstate common carrier in whose care their items are damaged." Nipponkoa Ins. Co., Ltd. v. C.H. Robinson Worldwide, Inc., 2011 WL 671747 *3 (S.D.N.Y. 2011) (citations omitted). Where a shipment is governed by the Carmack Amendment, a shipper establishes a prima facie case of liability of showing delivery of goods to the shipper in good condition, arrival in damaged condition, and damages. Id. The burden is then shifted to the carrier to show "that the damage was caused not by negligence but 'by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" Id. (citation omitted). Thereafter, the only issues remaining are the amount of damages and/or

whether there has been a legitimate limitation of liability. Id.

It is well established, and the parties do not dispute, that the Carmack Amendment preempts state and federal common law claims of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment. Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2d Cir. 2001); Cleveland v. Beltman North American Co., Inc., 30 F.3d 373, 381 (2d Cir. 1994); Travelers Indem. Co. of Illinois v. Schneider Specialized Carriers, Inc., 2005 WL 351106 *3 (S.D.N.Y. 2005); Materazzi v. Atlas Van Lines, Inc., 180 F. Supp.2d 408, 410 (E.D.N.Y. 2001).

Plaintiffs concede that if the shipment at issue was made via motor carrier, and not by air, its claims would be barred by the Carmack Amendment. It is argued, however, that a question of fact exists as to the actual mode of transport of the goods at issue.

II. Disposition of the Motion

Although documents submitted by Defendant indicate that the shipment was made via motor carrier, there is a close question of whether those documents can be properly interpreted in the context of a motion to dismiss. The court therefore holds that the motion to dismiss must be denied. The parties may engage in discovery, but that discovery shall be limited, at this time, to the issue of the mode of transport. Once that mode is determined, Defendants may decide to move for summary judgment. In that event, Defendants may inform the court of their intent to move by way of a letter, along with an agreed-upon proposed briefing schedule.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied, and the parties are to engage in the limited discovery set forth above. The parties are directed to contact the chambers

of the assigned Magistrate Judge for the purpose of modifying the current discovery schedule and entering into an appropriate schedule limited to the issue identified herein. The Clerk of the Court is directed to terminate the motion to dismiss.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 8, 2011